IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA

**TYWAUN TRAMEL COAKLEY,**

        **Petitioner,**

v.                                                  **Civil Action No. 2:08cv105**
                                                         **(Judge Maxwell)**

**GEORGE TRENT,**[1]

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this § 2254 habeas corpus action on October 3, 2008. In the petition, the petitioner challenges an August 28, 2008 conviction from the Circuit Court of Marion County, West Virginia.

It is well established that absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding.[2] Here, the petitioner has been convicted of a crime in state court. However, according to the petition, the

---

[1] Petitioner names himself as the respondent in this action. However, the proper respondent in a habeas action is the custodian of the prisoner. See 28 U.S.C. §2243 ("[t]he writ of habeas corpus or order to show cause shall be directed to the person having custody of the person detained"); Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004) (the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian); Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973) "[a] writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody). Consequently, the proper respondent in this case is George Trent, the Administrator of the North Central Regional Jail.

[2] See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted).

petitioner has not yet been sentenced and his sentence is not yet final. Thus, because the petitioner challenges his pending state criminal charges, his claims are barred by the abstention doctrine and the principles of exhaustion and comity.

For these reasons, the undersigned recommends that the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (dckt. 1) be **DENIED** and **DISMISSED without prejudice** from the active docket of this Court.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

Dated: October 28, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE